IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re: ) | |
| ) | |
| TIFFANY T. LESTER, ) | Case No.: 16-30661 |
| ) | Chapter 7 |
| Debtor. ) | |
| ****************************** ) | |
| NANCY J. GARGULA, ) | |
| United States Trustee for Region 10, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Adv. Case No.: 16-03061 |
| ) | |
| PHEBE IBRAHIM, ) | |
| ) | |
| Defendant. ) | |

## DEFAULT JUDGMENT

**THIS MATTER** came before the Court for hearing on December 12, 2016 and January 24, 2017 on the Plaintiff's Motion for Entry of Judgment By Default. Plaintiff appeared by attorney Mark D. Skaggs, and Defendant, Phebe Ibrahim ("Ibrahim"), previously having been found to be in default, failed to appear following proper notice. Plaintiff presented the sworn testimony of Debtor, Tiffany Lester, and United States Trustee Bankruptcy Auditor Megan Shaw. In addition, the Court admitted the United States Trustee' Exhibits 1 through 10 without objection.

The Court finds as follows:

1.  Ibrahim is a bankruptcy petition preparer ("BPP") as defined by 11 U.S.C. § 110(a). Ibrahim resides at 152 Waterside Crossing Drive, St. Peters, MO 63376. Ibrahim is not an attorney licensed to practice law under any jurisdiction.

1

2. Ibrahim prepared the bankruptcy documents identified as U.S. Tr. Ex. 1, same being filed as Document Number 1 in the Debtor's underlying bankruptcy case, on behalf of Debtor.

3. Debtor paid Ibrahim the sum of $250.00 in cash for Ibrahim's services.

4. Ibrahim solicited information from Debtor and used that information in order to prepare and complete the Voluntary Petition, the schedules, the Declaration of Debtor, the Statement of Financial Affairs and other required documentation included in U.S. Tr. Ex. 1.

5. Ibrahim also prepared and completed the *Application to Have the Chapter 7 Filing Fee Waived*, identified as Case Docket Document Number 5 and identified as U.S. Tr. Ex. 2.

6. Ibrahim also registered for, completed and paid the $25.00 fee for the pre-filing credit counseling class offered through Abacus Credit Counseling, which resulted in the issuance of the Certificate of Counseling identified as U.S. Tr. Ex. 3.

7. After Ibrahim prepared the documents identified as U.S. Tr. Ex.'s 1 and 2 and received the Certificate of Counseling identified as U.S. Tr. Ex. 3, Ibrahim provided this documentation to Debtor for filing with the United States Bankruptcy Court for the Southern District of Illinois, East St. Louis Division.

8. Ibrahim provided Debtor with advice concerning Debtor's bankruptcy filing:

   i. the procedural aspects of preparing and filing a petition for relief under Chapter 7 of the Code, including advising the Debtor of the need to attend the 341 meeting of creditors;

   ii. the particular information Defendant required in order to prepare and complete Debtor's bankruptcy petition and schedules, including pay advices and tax return information;

   iii. where on the bankruptcy schedules particular creditors appearing on Debtor's credit report are to be placed; and,

   iv. the particular personal property exemptions to be claimed by Debtor on Schedule C.

9. Ibrahim also asked various questions of Debtor concerning particular personal property owned by the Debtor so that Defendant could then complete Schedules B and C, as well as Debtor's various monthly living expenses in order to complete Debtor's Schedule J.

10. Ibrahim prepared for filing with this Court several false and misleading documents by failing to disclose her involvement and the fee she received, specifically, on U.S. Tr. Ex. 1 on the following pages: 7 (failed to disclose Ibrahim's involvement), 51 (failed to disclose Ibrahim's involvement), and 56 (failed to disclose Ibrahim's involvement). Similarly, on Document No. 5 (*Application to Have the Chapter 7 Filing Fee Waived*), Ibrahim prepared for filing with this Court the false and misleading document indicating at page 3 that Debtor had not used a BPP and had not paid a BPP when in truth Debtor had used and paid a BPP, Ibrahim. At no time did Ibrahim prepare the bankruptcy documents in such a manner that her involvement, or the fee that she charged and was paid by the Debtor, was disclosed to the Court, the U.S. Trustee and other parties in interest.

11. At various times during the interactions between Ibrahim and Debtor, Ibrahim instructed Debtor not to disclose her involvement to anyone who might ask.

12. Ibrahim has been active in the Southern District of Illinois bankruptcy filings for some time. Ibrahim has participated in the preparation of over 80 cases in the Southern District of Illinois since June 2014. Ibrahim is also providing undisclosed BPP services in bankruptcy cases filed in the United States Bankruptcy Court for the Eastern District of Missouri. In fact, consistent with the facts of this case, Ibrahim has secured the issuance of more than 1000 pre-filing credit counseling certificates issued in the Southern District of Illinois and the Eastern District of Missouri. (*See* U.S. Tr. Ex.'s 8 and 9).

13. Ibrahim has previously been ordered by this Court to disgorge her fees for various violations of Section 110 of the United States Bankruptcy Code. Specifically, in September 2011, in the case of *In re Harriette Whalen*, SDIL Case 11-31295, Ibrahim was ordered by this Bankruptcy Court to disgorge her entire fee of $250.00 back to the debtor as a result of her violations of Section 110 in that case. The Court takes judicial notice of the Motion and Order in the *Whalen* case.

14. The Court further finds that Ibrahim has continually engaged in conduct in violation of 11 U.S.C. § 110 and has engaged in fraudulent and deceptive conduct. Specifically, Ibrahim has failed to disclose her involvement in this case as a BPP. Ibrahim has further acted in a fraudulent and deceptive manner in registering for the pre-filing credit counseling class with Abacus Credit Counseling purportedly as the Debtor and in using the Debtor's personally identifiable information and thereafter completing the class, all the while representing herself to be the Debtor, and presenting the Certificate of Counseling to the Debtor for filing with the Court.

15. The Court further finds that Ibrahim advised Debtor not to disclose her involvement and assistance in preparing Debtor's Bankruptcy Petition and Schedules.

**IT IS HEREBY ORDERED THAT:**

**COUNT I - Violation of 11 U.S.C. § 110(b)(1)**

A. In relevant part, 11 U.S.C. § 110(b)(1) states that:

> (b)(1) A bankruptcy petition preparer who prepares a document for filing shall sign the document and print on the document the preparer's name and address. …

B. Pursuant to 110 U.S.C. § 110(l)(1), a fine, payable to the United States Trustee Fund, may be imposed in the amount of up to $500 for each violation of § 110(b)(1).

C. U.S. Tr. Ex. 1, Court Docket Document No. 1, consists of five separate documents.

  D. U.S. Tr. Ex. 2, Court Docket Document No. 5, consists of one document such that the total violations under this Count and Code section is **six.**

  E. The Court, after hearing the evidence, imposes the maximum fine of $500 for each violation, resulting in a fine under Count I of $3,000.

  F. Pursuant to 110 U.S.C. § 110(l)(2)(D), as a result of Ibrahim having prepared U.S. Tr. Ex. 1 and U.S. Tr. Ex. 5 in a manner that failed to disclose her identity as the bankruptcy petition preparer, the Court elects to triple the fine under Count I against Ibrahim for a **total fine of $9,000** payable to the United States Trustee Fund.

### COUNT II - Violation of 11 U.S.C. § 110(b)(2)

  A. In relevant part, 11 U.S.C. § 110(b)(2) states that:

> (b)(2) Before preparing any document for filing or accepting any fees from or on behalf of a debtor, the bankruptcy petition preparer shall provide to the debtor a written notice which shall be on an official form prescribed by the Judicial Conference of the United States in accordance with rule 9009 of the Federal Rules of Bankruptcy Procedure.

  B. Debtor testified that Ibrahim did not provide a completed Official Notice Form 119 to Debtor at any time. A blank Official Notice Form 119 was admitted as U.S. Tr. Ex. 6.

  C. Pursuant to 110 U.S.C. § 110(l)(1), a fine, payable to the United States Trustee Fund, may be imposed in the amount of up to $500 for a violation of § 110(b)(2).

  D. The Court, under this Count II, imposes the maximum fine of **$500** against Ibrahim payable to the United States Trustee Fund.

### COUNT III - Violation of 11 U.S.C. § 110(c)(1)

  A. In relevant part, 11 U.S.C. § 110(c)(1) states that:

> (c)(1) A bankruptcy petition preparer who prepares a document for filing shall place on the document, after the preparer's signature, an identifying number that identifies individuals who prepared the document.

B.      Ibrahim failed to disclose her Social Security number on U.S. Tr. Ex. 1 and U.S. Tr. Ex. 2 in violation of § 110(c)(1).

C.      U.S. Tr. Ex. 1, Court Docket Document No. 1, consists of five separate documents.

D.      U.S. Tr. Ex. 2, Court Docket Document No. 5, consists of one document such that the total violations under this Count III and Code section is **six.**

E.      The Court, after hearing the evidence, imposes the maximum fine of $500 for each violation resulting in a fine under Count III of $3,000.

F.      Pursuant to 110 U.S.C. § 110(l)(2)(D), as a result of Ibrahim having prepared U.S. Tr. Ex. 1 and U.S. Tr. Ex. 5 in a manner that failed to disclose her identity as the BPP, the Court elects to triple the fine under Count III to a **total fine of $9,000** payable to the United States Trustee Fund.

### **COUNT IV - Violation of 11 U.S.C. § 110(e)(2)(A)**

A.      In relevant part, 11 U.S.C. § 110(e)(2)(A) states that:

> (2)(A) A bankruptcy petition preparer may not offer a potential bankruptcy debtor any legal advice, including any legal advice described in subparagraph (B).
> (B) The legal advice referred to in subparagraph (A) included advising the debtor:
> (i) whether –
> (I) to file a petition under this title; or
> (II) commencing a case under chapter 7, 11, 12, or 13 is appropriate;
> …
> (iii) whether the debtor will be able to retain the debtor's home, car, or other property after commencing a case under this title;
> …
> (vi) concerning how to characterize the nature of the debtor's interests in property or the debtor's debts; or
> (vii) concerning bankruptcy procedures and rights.

B.      Ibrahim violated the foregoing provisions of 11 U.S.C. § 110(e)(2)(A) as set forth

above.

C.  Pursuant to 110 U.S.C. § 110(l)(1), a fine, payable to the United States Trustee Fund, may be imposed in the amount of up to $500 for each violation of Section 110(e)(2)(A). Ibrahim committed at least **five** violations of this particular provision of §110, to-wit: whether to file a bankruptcy petition; whether to file as a chapter 7 or a chapter 13; how to classify the various debts as secured or unsecured and where on the schedules to place each particular creditor; which particular exemptions to use; and various procedural aspects of the bankruptcy filing, including what documents need to be filed and what to expect at the meeting of creditors. As a result, a fine of $2,500.00 is entered against Ibrahim for violations of 11 U.S.C. §110(e)(2)(A) in connection with Debtor's bankruptcy case.

D.  Pursuant to 110 U.S.C. § 110(l)(2)(D), as a result of Ibrahim having prepared U.S. Tr. Ex. 1 and U.S. Tr. Ex. 2 in a manner that failed to disclose the identity of the BPP by not disclosing her involvement and identity, the Court elects to triple the fine assessed pursuant to 110 U.S.C. § 110(l)(1) against Ibrahim under Count IV to **$7,500.00** payable to the United States Trustee Fund.

### COUNT V - Violation of 11 U.S.C. § 110(h)(2)

A.  In relevant part, 11 U.S.C. § 110(h)(2) states that:

> (h)(2) A declaration under penalty of perjury by the bankruptcy petition preparer shall be filed together with the petition, disclosing any fee received from or on behalf of the debtor within 12 months immediately prior to the filing of the case, and any unpaid fee charged to the debtor. …

B.  Ibrahim violated the foregoing provisions of 11 U.S.C. § 110(h)(2) as set forth above in that Ibrahim failed to file the statement disclosing her fee in connection with the preparation of Debtor's documents to initiate Debtor's bankruptcy case.

C.  Pursuant to 110 U.S.C. § 110(l)(1), a fine, payable to the United States Trustee Fund, may be imposed in the amount of up to $500 for a violation of Section 110(h)(2).

D.  § 110(h)(3)(B) provides that a bankruptcy petition preparer fee may be forfeited entirely where the preparer fails to comply with subsection (h) or subsections (b), (c), (d), (e), (f) or (g).  Ibrahim has violated one or more of these subsections.

E.  Ibrahim shall forfeit and disgorge to Debtor her entire fee of $250 for violations of the various provisions of § 110 as alleged in all Counts set forth in this Complaint, pursuant to 110 U.S.C. § 110(h)(3)(B).

F.  The Court also imposes a fine, payable to the United States Trustee Fund, against Ibrahim pursuant to 110 U.S.C. § 110(l)(1) in the amount of $500 for a violation of § 110(h)(2).

G.  Pursuant to 110 U.S.C. § 110(l)(2)(D), the Court elects to triple the fine against Ibrahim, payable to the United States Trustee Fund, in the amount of **$1,500** for violation of 11 U.S.C. § 110(h)(2) under this Count V.

### COUNT VI - IMPOSITION OF A PERMANENT INJUNCTION PURSUANT TO 11 U.S.C. § 110(j)

A.  In relevant part, 11 U.S.C. § 110(j) states that:

(2)(A) In an action under paragraph (1), if the court finds that –

   (i) a bankruptcy petition preparer has –

      (I) engaged in conduct in violation of this section or of any provision of this title;
         …
      (III)   engaged in any other fraudulent, unfair, or deceptive conduct; and

   (ii)   injunctive relief is appropriate to prevent the reoccurrence of such conduct, the court may enjoin the bankruptcy petition preparer from engaging in such conduct.

(2)(B) If the court finds that a bankruptcy petition preparer has continually

>>engaged in conduct described in subclause (I), (II), or (III) of clause (i) and that an injunction prohibiting such conduct would not be sufficient to prevent such persons interference with the administration of this title, ... *the court may enjoin the person from acting as a bankruptcy petition preparer*. (Emphasis added.)

B. Ibrahim has acted as a BPP in many other cases filed within the Southern District of Illinois as well as in the Eastern District of Missouri, St. Louis Division. In each of these cases, Ibrahim has done so without disclosing her involvement. Ibrahim's pattern of fraudulent and deceptive conduct in failing to disclose her involvement in the various bankruptcy cases dates back to at least the date of the filing of the case of *In re Harriette Whalen* in 2011.

C. Ibrahim has repeatedly violated 11 U.S.C. § 110, and engaged in a pattern of fraudulent and deceptive conduct described herein.

D. Ibrahim has repeatedly engaged in providing legal advice to individuals without a legal license to do so.

E. Injunctive relief is appropriate to prevent the recurrence of the conduct by Ibrahim and to prevent harm to other potential debtors.

F. Ibrahim, her agents, servants, employees, successors, and all persons in concert and participation with Ibrahim, are hereby permanently enjoined from directly or indirectly acting as a bankruptcy petition preparer under 11 U.S.C. § 110, or in any way providing any service related to the preparation of documents to be filed in a bankruptcy case in the Southern District of Illinois and in any jurisdiction of the United States.

## COUNT VII – AWARD DAMAGES TO THE DEBTOR
## PURSUANT TO 11 U.S.C. § 110(i)

A. In relevant part, 11 U.S.C. § 110(i) states that:

>(i)(1) If a bankruptcy petition preparer violates this section or commits any act

that the court finds to be fraudulent, unfair, or deceptive, on the motion of the debtor, trustee, United States trustee (or the bankruptcy administrator, if any), and after notice and a hearing, the court shall order the bankruptcy petition preparer to pay to the debtor—

(A)   the debtor's actual damages;

(B)   the greater of—

   (i)   $2,000; or

   (ii)   twice the amount paid by the debtor to the bankruptcy petition preparer for the preparer's services; and

(C)   reasonable attorneys' fees and costs in moving for damages under this subsection.

B.   Based upon the foregoing, Ibrahim violated at least one of the various subsections of § 110 as alleged in Counts I – V such that it is appropriate for this Court to award damages in accordance with this subsection to Debtor and against Ibrahim.

C.   The Court grants damages to the Debtor in the amount of $2,000.00 payable by Ibrahim under this Count VII.

## **OTHER**

The Court further Orders that any sums paid by Ibrahim shall first be applied to those sums due and payable to the Debtor under Counts V and VII of this Default Judgment until such sums are paid in full and then to the sums due on the remaining Counts of this Default Judgment.

ENTERED: February 8, 2017

                                           /s/ Laura K. Grandy
                               _____
                               UNITED STATES BANKRUPTCY JUDGE